No. 83.—A. McCRANIE, Adm'r, v. ISAAC MURRELL and JOHN MURRELL

An offer to pay a promissory note in a worthless currency, such as Confederate notes, unac_ cepted by the holder, will not interrupt prescription.

APPEAL from the Eleventh Judicial District, parish of Claiborne. J. S. Young (attorney at law), Special Judge, vice Egan, J., recused. Henry Gray, for plaintiff and appellant. John Young and J. D. Watkins, for defendants and appellees.

TALIAFERRO, J. This is an action brought by the plaintiff as administrator of the estate of Winfred Wood, to recover from the defendants certain sums of money, as remainders due in principal and interest on two promissory notes executed in favor of Wood, by John Wilson and the defendants, in the year A. D. 1859, and due in 1860. It seems that, originally, there were three notes; one for $1800, one for $1222, and the other for $891. These notes were drawn in the solidary form—" We, or either of us, promise to pay," etc., and signed by John Wilson and the two defendants. In October, 1861, the plaintiff brought suit against Wilson alone on the three notes, and on the twenty-third of that month, judgment by confession was rendered against him for the several amounts claimed to be due, after deducting partial payments that had been made by him. An execution was issued on this judgment, in January, 1867. Property was seized and sold, and the proceeds applied first to the extinguishment of the first note, and the remainder as credits pro rata on the other two. For the balance yet due, the administrator brings the present suit.

The defense is, prescription of the notes, and also that the defendants were only sureties of Wilson, and that they are released by the extension of time given, without their knowledge or consent, by the plaintiff to their principal. It appears that, upon the confession of judgment by Wilson, in October, 1861, a stay of execution was granted until first of March, 1862. Judgment in the court below was for the defendants. The plaintiff appealed.

An interval of more than five years occurred between the date of the rendition of the judgment against Wilson, and the service of the citation upon the defendants in the suit now before us. The plaintiff,

however, offers to show an interruption of prescription. He states, as a witness in his own behalf, that in the fall of 1863, or the spring of 1864, in a conversation with Isaac Murrell, the latter asked him if he would take Confederate money for the debt, and that he replied he would not. That no further conversation on the subject took place at that time. That afterwards, in the spring of 1867, Isaac Murrell acknowledged the correctness of the debt, but said that he did not intend to pay it if he could keep from it, and asked the witness if he blamed him; and, in answer, witness said he did not.

On cross examination, the plaintiff stated that Murrell remarked that John Wilson ought to pay the debt. We see nothing in this evidence which shows that the defendant either acknowledged that he owed the debt, or that he promised to pay it. He may have thought it a matter of policy, to avoid the annoyance and expense of a lawsuit, to pay the debt in a worthless currency, and this may have prompted the inquiry he made of the plaintiff, if he would take Confederate money. At all events, the plaintiff declined to receive it; and, if all the defendant said were construed as a conditional offer to pay the debt in Confederate money, as a compromise or avoidance of a lawsuit, it could not amount to an interruption of prescription. 9 An. 15; 11 An. 85; same 184; 21 An. 275. Deeming the plea of prescription well taken, we omit an examination of the other grounds of defense. C. C. art. 3540.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.